# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **KEYDERMAN JOSE BLANCO VILLAMIZAR,** *et al.*, <br><br> *Defendants.* | **CRIMINAL ACTION NO.** <br> **3:24-cr-00035-TES-CHW** |

### ORDER GRANTING UNOPPOSED MOTION TO CONTINUE

Before the Court is Defendant Ricardo Ramon Rangel Lopez's Unopposed Motion to Continue Pretrial Conference [Doc. 117]. On May 14, 2025, the Grand Jury returned a three-count First Superseding Indictment [Doc. 60] charging Defendant with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349. Defendant was arrested on May 21, 2025, pled not guilty at his arraignment on June 18, 2025, and remains detained pending trial. [Doc. 74]; [Doc. 77]. The Court has previously continued this case several times, and most recently scheduled the Pretrial Conference for September 3, 2025, and the trial for October 20, 2025. [Doc. 104, p. 2].

Defendant seeks another continuance for more time to review the 2 terabytes of material turned over in discovery and to resolve a technical issue that has prevented defense counsel from reviewing Defendant's cellular phone. [Doc. 117, pp. 1–2]. Additionally, defense counsel states that because Defendant Lopez only speaks Spanish,

"the process of reviewing discovery with him will take more time than usual." [*Id.* at 2]. The Government does not oppose the requested continuance. [*Id.*].

The Court finds that granting Defendant's request serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The ends of justice served by continuing this case outweigh the interests of Defendant and the public in a speedy trial. *See id.* Because the discovery in this case involves voluminous digital evidence from multiple devices—some of which has been inaccessible, and much of which is in a foreign language—concerning multiple alleged bank fraud schemes spanning several jurisdictions, failure to grant the requested continuance would deny all parties "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** Defendant's Motion to Continue Pretrial Conference [Doc. 117]. Since "the time for trial has not yet run" with respect to his co-defendants and "no motion for severance has been granted," *see* 18 U.S.C. § 3161(h)(6), the Court **CONTINUES** the Pretrial Conference until **November 10, 2025**, and the trial of this matter until **December 15, 2025**, *as to all Defendants*. The Court expects the parties to shortly file a motion asking the Court to declare the case complex and allowing the parties to confer and jointly submit a comprehensive scheduling order. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(iv).

**SO ORDERED**, this 27th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
