IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**KEYDERMAN JOSE BLANCO VILLAMIZAR**, *et al.*,<br><br>　　　*Defendants.* | **CRIMINAL ACTION NO.**<br>**3:24-cr-00035-TES-CHW-8** |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Ricardo Lopez's Unopposed Motion to Continue Pretrial Conference [Doc. 179]. The government does not oppose this continuance. [*Id.* at p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 14, 2025, the Grand Jury returned a three-count First Superseding Indictment [Doc. 60] charging Defendant with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349. Defendant was arrested on May 21, 2025, pled not guilty at his arraignment on June 18, 2025, and remains detained pending trial. [Doc. 74]; [Doc. 77].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).

Counsel for Defendant Lopez requests a continuance because counsel has a trial in another matter that conflicts with the pretrial conference in this case. [Doc. 179, pp. 1–2]. The Court finds that granting a continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. *See id.* Specifically, failure to grant this continuance would deny Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). For this reason, the Court **GRANTS** Defendant Davis's Unopposed Motion to Continue Pretrial Conference [Doc. 24]. The Court **CONTINUES** the Pretrial Conference until **December 3, 2025**, and **CONTINUES** the trial of this matter until **January 20, 2026,** ***as to all defendants.*** The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 29th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
